**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| VICTORIO MORGAN, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | No. 3:06cv0011 AS |
| ) | |
| BILL WILSON, ) | |
| ) | |
| Respondent ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about January 5, 2006, this pro se petitioner, Victorio Morgan, filed the within petition seeking relief under 28 U.S.C. §2254. The response filed by the Attorney General of Indiana on June 2, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on June 23, 2006, which this court has carefully examined.

This petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated at the Westville Correctional Facility in Westville, Indiana in this district. The state court proceedings in this case were in Lake County, Indiana. For immediate reference, there is an unpublished memorandum decision of the Court of Appeals of Indiana entered May 9, 1991 authored by Judge Garrard and concurred in by presiding Judges Hoffman and Miller. The same is very briefly stated and marked as Appendix "A", attached hereto and incorporated herein.

This petitioner is serving a 34-year sentence for burglary and being a habitual offender

that was entered in the state courts in Lake County, Indiana in 1991. As indicated in the presentation made by the Attorney General of Indiana, the petitioner did <u>not</u> seek review in the Supreme Court of Indiana as a result of the very brief decision of the Court of Appeals of Indiana affirming his conviction and sentence entered May 9, 1991. Approximately ten years later on March 16, 2001, this petitioner filed for post-conviction relief in the state trial court and that was denied on August 15, 2001. There was an attempt at an appeal but the Court of Appeals of Indiana dismissed the appeal for failure to prosecute on March 5, 2002. However, the Supreme Court of Indiana granted transfer and remanded the case to the Indiana Court of Appeals to reinstate the appeal. At a later time, the appeal was dismissed by the Supreme Court of Indiana on January 6, 2004, and this petition was filed on January 5, 2006. Certainly this petitioner gets the benefit, if any, of *Houston v. Lack,* 487 U.S. 266 (1988).

An example of how convoluted and complicated this species of litigation can become is in *Badelle v. Correll*, No. 04-1602 (7th Cir. June 22, 2006). There is much in the opinion there that applies here. More to the point here, however, is the specific assertion by the Attorney General of Indiana that the statute of limitations has run under 28 U.S.C. §2244(d)(1). Certainly the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1), was fixed judicially as April 24, 1997. *See Newell v. Hanks,* 283 F.3d 827 (7th Cir. 2002). *See also Artuz v. Bennett*, 531 U.S. 4 (2000). It appears here that the Attorney General has got the calculation of time correct. There is nothing in this

2

record that would justify a tolling of approximately six years. *See Fernandez v. Sterns*, 227 F.3d 977 (7th Cir. 2000).

This court has given close attention to the three-page handwritten presentation made by this *pro se* petitioner on June 23, 2006, and is fully cognizant of the teaching of *Haines v. Kerner*, 404 U.S. 519 (1972). *See also McNeil v. United States*, 508 U.S. 106 (1993). With all deference, this petitioner cannot bootstrap this court's order of March 14, 2006 into a basis for hearing a petition that is clearly untimely. This court does not sit as a common law court of review of state court criminal decisions based on state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989).

For all of these reasons, the petition for relief under 28 U.S.C. §2254 is considered and **DENIED**. **IT IS SO ORDERED**.

**IT IS SO ORDERED**.

**DATED:** July 6, 2006

S/ ALLEN SHARP
**THE HONORABLE ALLEN SHARP**
**JUDGE, UNITED STATES DISTRICT COURT**
